UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-108 (PAM/TNL) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER GOVERNING DISCOVERY** |
| Derek Michael Chauvin (1), Tou Thao (2), J. Alexander Kueng (3), and Thomas Kiernan Lane (4), | |
| Defendants. | |

This matter comes before the Court on the Government's Unopposed Motion for a Protective Order Governing Discovery (ECF No. 59). The Government has moved for an order restricting the dissemination of certain discovery material pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. (*Id.* at 1.)

The Federal Rules of Criminal Procedure permit this Court, upon a showing of good cause, to issue a protective order restricting or denying discovery or inspection in any manner. Fed. R. Crim. P. 16(d)(1). "The burden of showing good cause is on the party seeking the order." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (citation and internal quotation marks omitted). "[O]nce a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order." *United States v. Johnson*, 314 F. Supp. 3d 248, 251 (D.D.C. 2018). This includes the authority to "place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*,

1

394 U.S. 165, 185 (1969).  The Court may not, however, issue a protective order that would prejudice a defendant's substantial rights. *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978).

The Government has shown good cause for the issuance of a protective order in this case.  The Government represents that the discovery to be provided to the Defendants is voluminous, and includes medical and autopsy records, search warrant records, employment and personnel records, financial records, criminal history records, and other documents that contain sensitive information and personal identifiers, including dates of birth, Social Security numbers, driver's license  numbers, telephone numbers, email addresses, home addresses, and other personally identifiable information (hereinafter "PII") of the Victim, non-parties (including juvenile non-parties), and the Defendants.  (ECF No. 59 ¶ 2; *see also* Order at 2, ECF No. 56.)

The Court finds that unrestricted dissemination of sensitive information pertaining to, and PII of, the Victim, non-parties, and the Defendants could result in harm to their privacy interests, and that the redaction of personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense.

Furthermore, counsel for Defendants do not oppose the motion, nor do they oppose the terms of the Government's proposed protective order.  (ECF No. 59 ¶ 9.)  The Court therefore finds the Protective Order set forth below is narrowly tailored and proportional to the needs of this case.

**THEREFORE, IT IS HEREBY ORDERED** that the Government's Unopposed

Motion for a Protective Order Governing Discovery (ECF No. 59) is **GRANTED** as follows:

1. The United States is authorized to disclose to the defense sensitive information, including records containing PII, in its possession that the United States believes necessary to comply with its discovery obligations.

2. For the purpose of this Protective Order, PII means dates of birth, Social Security numbers, driver's license numbers, telephone numbers, email addresses, home addresses, and other personal information of the Victim, non-parties, and the Defendants that is contained in the discovery. With respect to such individuals who are children, "PII" also includes the names of children.

3. "Protected Material" means any discovery materials, including medical and autopsy reports (including autopsy photographs), search warrant records, employment and personnel records, financial records, interview reports, criminal history records, and all other materials that contain unredacted PII of the Victim, any non-party, and/or the Defendants. Protected Material does not include discovery material produced by the United States that does not contain PII of the Victim, non-parties, or the Defendants. In the event that a Defendant's counsel has any question as to whether a particular piece of information contained in the discovery materials constitutes PII, such counsel may inquire of counsel for the United States for clarification.

4. The Protected Material shall be held in strict confidentiality by the Defendants and defense counsel and may be used only for purposes of this litigation.

5. Protected Material may not be copied, disseminated or disclosed to any other person who is not directly involved in the defense of the charges against the

defendants in this case.

6. Defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to a Defendant in this action.

7. Protected Material shall not be given to any Defendant in this case for him to retain. However, discovery materials produced by the United States that contain no PII may be given to the Defendants, and discovery materials produced by the United States that contain PII of a specific Defendant may be given to that Defendant.

8. Except as set forth in the preceding paragraph, Protected Material may be shown to any Defendant but must remain in defense counsel's possession and control at all times and may not be left with the Defendant. If defense counsel brings Protected Material to any detention facility, it must remain in defense counsel's possession and control at all times and may not be left with the Defendant, and must be removed by counsel when he or she leaves the detention facility. In addition, defense counsel may advise the Defendant of the contents of the Protected Material, including the PII.

9. Before a Defendant is shown or advised of the contents of Protected Material, the Defendant must read this Protective Order so that the Defendant understands and agrees that he is bound not to disclose the PII contained in the materials to any person who is not directly involved in the defense of the charges against the Defendants in this case.

10. All other individuals having access to any Protected Material, other than the following persons, shall read this Protective Order prior to disclosure and shall certify in writing, by signing a copy of this Protective Order, that they have read the terms

of this Protective Order and understand that they are bound by these terms:

    (a)    the Court and its staff;

    (b)    Defendants' attorneys, their law firms, and their outside vendors (messenger, copy, coding, and other clerical-services vendors not employed by Defendant's attorneys);

    (c)    persons shown on the face of the document to have authored or received it; and

    (d)    court reporters retained to transcribe testimony.

**The applicable party's** counsel of record shall maintain a file of such written certifications.

11.    The disclosure, dissemination, use, or retention of Protected Material contrary to this Order shall be deemed a violation of this Order subjecting the Defendant, attorneys, or other person to sanctions.

12.    Any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures.

13.    All Protected Material and all copies must be destroyed or returned to the United States within 60 days of the conclusion of this litigation, except that Defendants' counsel can retain one copy of these materials.

14.    This Order solely governs the use of discovery specifically produced or made available by the United States in this criminal action. This Order does not limit the use of documents that the Defendants or Defendants' counsel already possess prior to receiving discovery or obtain through other means.

[continued on next page]

15. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Date: July __6__, 2021                             *s/Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota


                                                    *United States v. Chauvin, et al.*
                                                    Case No. 21-cr-108 (PAM/TNL)

# **CERTIFICATION**

By signing below, I,_____(please print legibly), hereby certify that I have read this Protective Order and agree to be bound by its terms.

_____   _____
Date                                                                      Signature