UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No. 21-cr-108 (PAM/TNL) (3)*

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) <br> ) <br> Plaintiff,   ) <br> Vs.                                              ) <br> ) <br> J ALEXANDER KUENG,               ) <br> ) <br> Defendant   ) <br> ) <br> ) | **MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE** |

## INTRODUCTION

Defendant, J. Alexander Kueng, moves the Court for an Order striking Paragraph 3 of the Indictment as surplusage under Fed.R.Crim.P. 7(d).

## BACKGROUND

The Indictment in this case charges Mr. Kueng with two counts of Deprivation of Rights Under Color of Law in violation of 18 U.S.C. Section 242. (Counts 2 and 3 of the Indictment Docket 1). At paragraph 3 of the indictment the Government alleges. "Defendant J. Alexander Kueng was employed as a Minneapolis Police Department officer. He began working as an MPD officer in December 2019." While the averment may be technically accurate, it is misleading and prejudicial because in reality Mr. Kueng had not yet completed his 3rd shift following his field training as a Minneapolis Police officer. Employees in Field Training are not considered officers by the rank and file of

the Minneapolis Police Department. They are addressed as "recruit" or "boot" and expected to address all police officers as sir.  Prior to completion of field training personnel are not even afforded the status of being a "rookie" because they are still in training.

## ARGUMENT

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d). A motion to strike surplusage from the indictment should be granted where it is clear that the allegations contained in the indictment are "not relevant to the charge made or contain inflammatory and prejudicial matter." *Dranow v. United States,* 307 F.2d 545, 558 (8th Cir. 1962).

The suggestion by the Government that Mr. Kueng had been a police officer since December of 2019 is misleading and prejudicial.  Having that inaccurate fact come to the jury in an official court document rather than testimony is to put the stamp of the Court on the claim that Mr. Kueng was a seasoned officer, when in fact he had yet to complete his 3rd day of duty.  This paragraph in the Indictment is unfair and prejudicial to Mr. Kueng and will mislead to the jury.

## CONCLUSION

For all of the reasons stated above, Defendant Kueng respectfully moves the Court for an Order striking Paragraph 3 of the Indictment as surplusage under Fed.R.Crim.P. 7(d).

Respectfully submitted,

Dated: August 2, 2021 */s/ Thomas C. Plunkett*
Thomas C. Plunkett
Attorney No. 260162
Attorney for Defendant
101 East Fifth Street
Suite 1500
St. Paul, MN 55101
Phone: (651) 222-4357
Fax: (651) 297-6134
Email: tcp@tp4justice.com