UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 21-CR-108 (PAM/TNL) (3)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>Vs.<br><br>J. ALEXANDER KUENG,<br><br>                        Defendant | **SUPPLEMENT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE** |

The issue before the Court is whether the indictment properly alleges whether Mr. Kueng was a police officer starting on December 2019. While Mr. Kueng was sworn in as a police officer during that time, he still had to complete months of additional training before he would be allowed to respond to calls for service on his own. The defendant incorporates and reasserts his arguments in his original memorandum of law in support of motion to strike surplusage (Doc. # 87) and arguments made during the motions hearing.

**ARGUMENT**

The Court has the authority to strike surplusage in an indictment. "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. Pro. 7(d). "This serves to protect the defendant against immaterial or irrelevant allegations in an indictment, which maybe prejudicial." *United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994) (internal punctuation omitted). The decision whether to strike surplusage rests in the "sound discretion of the district court." *Id.* As noted in the indictment, the Government is required to prove that Kueng was acting under color of law.

(Doc. 1) The allegation in the indictment that "Defendant J. Alexander Kueng was employed as a Minneapolis Police Department officer" satisfies that element of the statute.

The allegation that Kueng was a police officer starting in December 2019 simply misleads the jury. Kueng was still in the process of training in December 2019. He was not authorized to respond to calls for service on his own. He had to be supervised by another officer whenever he responded to a call. His actions were documented and reviewed for training purposes. Alleging that Mr. Kueng was a police officer starting on December 2019 suggests to the jury that Kueng was a far more experienced officer at the time of the incident. The evidence will show that Kueng was working his third shift as an unsupervised police officer at the time of the call for service at issue here. The defense would request that the Court strike from the indictment language that Kueng was police officer as of December 2019.

In the alternative, the defense would request that the Court reserve its ruling on the motion until the Court has heard the testimony from all the witnesses. "Therefore, it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language, as indeed the district court did in this case." *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). If the Court is not going to strike the requested language as surplusage, the defense would request that the Court reserve its ruling until the Court has heard evidence that will show the language in the indictment unfairly suggests to the jury that Keung was a more experienced police officer.

Respectfully submitted,

Dated: October 11, 2021  /s/ Thomas C. Plunkett
Thomas C. Plunkett
Attorney No. 260162
Attorneys for Defendant
Suite 1500
101 East Fifth Street
St. Paul, MN 55101
Phone: (651) 222-4357