UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-108 (3) (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| J. Alexander Kueng, | |
| Defendant. | |

---

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Samantha Trepel, Department of Justice – Civil Rights Division, 150 M Street NE, Washington, DC 20530 (for the Government); and

Thomas C. Plunkett, 101 East Fifth Street, Suite 1500, St. Paul, MN 55101 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 42);

2. Defendant's Pretrial Motion for List of Government Witnesses (ECF No. 62);

3. Defendant's Pretrial Motion for Pretrial Disclosure of Rule 404 Evidence (ECF No. 63);

4. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript (ECF No. 64);

5. Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material (ECF No. 65);

6. Defendant's Motion for *Brady* Material (ECF No. 66);

1

7. Defendants Motion for Disclosure of *Giglio* Material (ECF No. 67); and

8. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 68).

A hearing was held via Zoom videoconferencing technology on September 14, 2021.[1] (ECF No. 115.) Assistant United States Attorneys Manda Sertich and Samantha Trepel appeared on behalf of the United States of America (the "Government"). Attorney Thomas C. Plunkett appeared on behalf of Defendant J. Alexander Kueng. Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 42) is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. Defendant does not object to this motion and it is granted in all respects.

2. Defendant's Pretrial Motion for List of Government Witnesses (ECF No. 62) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government produce its witness list at least one month prior to trial "irrespective of whether the Government intends to utilize said witnesses in its case in chief, or rebuttal." (ECF No. 62 at 1.) He has no objection to reciprocal disclosure of witnesses and clarified that disclosures can be made 30 days prior to trial.

---

[1] Defendant previously consented to the motions hearing being conducted by videoconferencing. (ECF Nos. 49, 54, 61.) He also consented to the proceedings being held by way of videoconferencing on the record during the hearing.

(Tr. 37:9-21, ECF No. 118.)[2]  The Government has agreed to provide a potential witness list which identifies the witnesses it may call in its case-in-chief at least 30 days prior to trial.  (Gov't's Consol. Resp. at 10, ECF No. 108.)  During the hearing, the Government noted that it does not typically provide addresses with these witness disclosures.  (Tr. 38:1-2.)  The parties agreed to meet and confer on the issue of the scope of the witness information the Government will ultimately disclose. (Tr. 37:9-13, 37:23-38:3.)

As stated elsewhere in this order, *see infra* ¶ 6, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the Government's proposal and the parties' agreement, no later than 30 days prior to trial, the parties shall make reciprocal witness disclosures which includes the potential witnesses each will call in their case-in-chief.  Defendant's motion is otherwise denied.

3. Defendant's Pretrial Motion for Pretrial Disclosure of Rule 404 Evidence (ECF No. 63) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial" pursuant to Federal Rule of Evidence 404(b) and "identify the witnesses through whom such evidence will be

---

[2] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due September 23, 2021, and no such notice was filed.  (ECF No. 118.)

presented at trial." (ECF No. 63 at 1.) The Government states that it "has already made significant disclosures of such evidence, is fully aware of its disclosure and notice obligations under Fed. R. Evid. 404, and intends to comply fully with those obligations." (Gov't's Consol. Resp. at 6.) The Government also requests that this Order "be strictly drawn to require no more than what is encompassed by the Rule." (*Id.* at 7.) It proposes making its disclosures 30 days before trial "to the extent such evidence has not already been disclosed by that date." (*Id.* at 6.) At the hearing, Defendant was satisfied with the Government's proposed timeline for disclosure. (Tr. 38:11-12.)

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is

4

offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also Miller*, 698 F.3d at 704.

Therefore, consistent with the parties' agreement, no later than 30 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

4. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript (ECF No. 64) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of the minutes and transcripts of the grand jury. (ECF No. 64 at 1.) The Government responds that it has "already disclosed the vast majority of grand jury transcripts" and will produce the grand jury transcript for any witness it intends to call at trial. (Gov't's Consol. Resp. at 9.) It objects to any order which would require disclosure of transcripts in advance of the corresponding witness's testimony except to the

5

extent that it agrees to meet and confer regarding the reciprocal disclosure of Jencks Act materials.  *See infra* ¶ 5.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.  This principle is reflected in Federal Rule of Criminal Procedure 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury."  *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted).  "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'"  *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").  Defendant has not made any showing of particularized need.  Therefore, Defendant's motion is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny.  *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

5.     Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material (ECF No. 65) is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least one month before trial.  (ECF No. 65 at 1.)  The Government objects to any Court-ordered early disclosure but agrees to meet and confer with defense

counsel about a deadline for disclosure at a later date. (Gov't's Consol. Resp. at 5-6; Tr. 40:10-13.)

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to meet and confer to discuss disclosure of such materials.

6. Defendant's Motion for *Brady* Material (ECF No. 66) and Motion for Disclosure of *Giglio* Material (ECF No. 67) are **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. (ECF No. 66 at 1-2; ECF No. 67 at 1.) This includes the identity and certain statements of Government witnesses; convictions of Government witnesses; and any offers or promises made to Government witnesses. (*Id.*) The Government responds that it is aware of and

7

will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny. (Gov't's Consol. Resp. at 3-4.)

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see*

8

*Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  The parties are encouraged to meet and confer regarding the disclosure of Jencks Act materials.  *See supra* ¶ 5.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").  Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied.  *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

7.     Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 68) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure and an order for continuing disclosure. (ECF No. 68 at 1-2.) The Government "has no objection to providing Rule 16 discovery" and states it "will continue to disclose additional materials as they are available." (Gov't's Consol. Resp. at 2-3.) The Government does, however, object to the extent Defendant seeks discovery outside of Rule 16. (*Id.* at 3.)

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) through (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. *See, e.g.*, *supra* ¶ 6. Defendant's discovery requests are denied in all other respects. *See Johnson*, 228 F.3d at 924. Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

8. All prior consistent orders remain in full force and effect.

[continued on next page]

9. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: November  29 , 2021  
　　　　　　　　　　　　　　　　　　　　　　 *s/Tony N. Leung*  
　　　　　　　　　　　　　　　　　　　　　Tony N. Leung  
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge  
　　　　　　　　　　　　　　　　　　　　　District of Minnesota  

　　　　　　　　　　　　　　　　　　　　　*United States v. Kueng*  
　　　　　　　　　　　　　　　　　　　　　Case No. 21-cr-108 (3) (PAM/TNL)