UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
*Criminal No. 21-cr-108 (PAM/TNL) (3)*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>Vs. )<br>)<br>J ALEXANDER KUENG, )<br>)<br>Defendant. )<br>) | **DEFENDANT KUENG'S MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE** |

First Motion In Limine:

The defendant respectfully requests an Order prohibiting the Government from offering speculative testimony about how a witness may have acted or behaved had they been in the same place as the defendants arresting Mr. Floyd.  "A lay witness may give an opinion only if it is rationally based on the perception of the witness and would help the factfinder determine a matter in issue." *Hurst v. United States*, 882 F.2d 306, 312 (8th Cir. 1989); Fed. R. Evid. 701.  Here the danger is that the witnesses will testify with the benefit of 20/20 hindsight, which is improper. *See* Graham v. Connor, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). The witnesses will also portray themselves in a favorable light to the jury and the public.

Additionally, a witness must have personal knowledge of the matter to testify. *See* Fed. R. Evid. 602. "That Rule [602] excludes testimony concerning matter[s] the witness did not observe or had no opportunity to observe." *United States v. Lyon*, 567 F.2d 777, 783–84 (8th Cir. 1977). Here the defendants are the only police officers who observed and experienced what happened at the scene of Mr. Floyd's arrest. Any other officer does not have personal knowledge of what happened when Mr. Floyd was arrested. Even if the officers review video evidence, that evidence is limited to what is recorded by cameras and does not present a complete picture from the scene. This is especially true of bystander recordings. For example, the video cameras do not record what an officer sees out of their peripheral vision. Because no other witness other than defendants have the personal knowledge as to what actually occurred at the scene of Mr. Floyd's arrest, other officers lack personal knowledge and their speculative testimony should not be allowed. Their testimony would also be improper opinion testimony from a lay witness.

<u>Second Motion In Limine:</u>

The defendant would respectfully request an Order preventing the Government from offering the testimony of HCMC Paramedics and their opinion that George Floyd was basically dead at the scene when he arrived. Expert testimony from a person with knowledge, skill, experience, training or education is admissible in the form of an opinion if the testimony is based on sufficient facts or data. *See* Fed. R. Evid. 702(b). Here Paramedics came upon a complicated scene. Mr. Floyd was on the ground and appeared non-responsive. Paramedics removed Mr. Floyd from the scene and began C.P.R. and provided him oxygen. The paramedics efforts after removing Mr. Floyd contradict their

impression that Mr. Floyd was dead at the scene is outside the scope of their qualifications.

This testimony is also irrelevant. *See* Fed. R. Evid. 403. The issue before the jury is whether Mr. Floyd died as a result of the actions of the defendants while acting under color of law, not where and when he died. The testimony of Paramedics that Mr. Floyd was basically dead at the scene should not be allowed.

Third Motion In Limine

The Defendant requests an Order prohibiting the Government from offering lay opinion testimony about whether the use of force during Mr. Floyd's arrest was proper or appropriate. Lay witnesses should also be prohibited from testifying about the physiological effects of placing an arrestee in a prone position. The Government and the defense plan on calling use of force experts. The experts will testify based on their scientific and technical knowledge. *See* Fed. R. Evid. 702(a). Testimony from lay witness on these issues will not help the jury understand the evidence or determine a fact in issue. The evidence should be precluded.

Fourth Motion In Limine:

The Defendant requests an Order prohibiting the Government from presenting evidence from multiple physicians that is cumulative and irrelevant. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Government apparently plans to present testimony from multiple

physicians whose testimony will be cumulative.  The cumulative nature of the testimony will cause delay and be a waste of time.  Additionally, the presentation of the cumulative evidence will mislead the jury by over emphasizing issues surrounding Mr. Floyd's death.  This will distract the jury from considering whether the actions of the defendants at the scene of Mr. Floyd's arrest were reasonable in light of all the circumstances.  The Government should be limited to presenting the testimony of the medical examiner who can properly testify to the manner and cause of death.

Fifth Motion In Limine:

The defendant requests an order prohibiting the Government from offering evidence from body worn camera that has been edited and spliced so that it contains video from multiple sources.  The spliced and manipulated video unfairly leads the jury to conclude that officers were able to perceive facts, sounds, and events that were not available to the officers at the scene.

> Under Rule 403, district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion. *United States v. Henderson,* 416 F.3d 686, 693 (8th Cir.2005), *cert. denied,* 546 U.S. 1175, 126 S.Ct. 1343, 164 L.Ed.2d 57 (2006). Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *Wade v. Haynes,* 663 F.2d 778, 783 (8th Cir.1981), *aff'd sub nom. Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

*United States v. Myers*, 503 F.3d 676, 682 (8th Cir. 2007)

The spliced and manipulated video will suggest to the jury facts and circumstances that the officers at the scene could not reasonably consider when they acted during Mr. Floyd's arrest.  The spliced video will suggest to the jury an improper basis to convict the

defendant. The defendant would request that the Court issue an Order preventing the Government from offering edited and spliced videos from different sources.

Respectfully submitted,

Dated:   December 30, 2021            */s/ Thomas C. Plunkett*
                                                      Thomas C. Plunkett
                                                      Attorney No. 260162
                                                      Attorney for Defendant
                                                      101 East Fifth Street
                                                      Suite 1500
                                                      St. Paul, MN 55101
                                                      Phone: (651) 222-4357
                                                      Fax: (651) 297-6134
                                                      Email: tcp@tp4justice.com