UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-CR-108 (PAM/TNL)

-----------------------------------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| J ALEXANDER KUENG (3), | ) | **OF THE PARTIES** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

-----------------------------------------------------------------------------------------

Pursuant to the Pretrial Order [Docket No. 137], the defendant J. Alexander Kueng, through his attorney Thomas C. Plunkett, hereby request that the Court use the attached proposed instructions of law during its preliminary and final instructions to the jury. The parties reserve the right to submit additional proposed instructions of law at the close of the evidence.

Respectfully submitted,

Dated:  January 6, 2022                   /s/ Thomas C. Plunkett

Thomas C. Plunkett
Attorney No. 260162
Attorney for Defendant
101 East Fifth Street
Suite 1500
St. Paul, MN 55101
Phone: (651) 222-4357
Fax: (651) 297-6134
Email: tcp@tp4justice.com

INSTRUCTIONS TO BE GIVEN AT THE BEGINNING OF TRIAL

## 0.01 INSTRUCTIONS BEFORE VOIR DIRE

Members of the Jury Panel, if you have a cell phone, smart phone, I-phone, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras, and any recording devices).

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties, and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any social media, including services or apps such as Facebook, Instagram, Snapchat or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

3

Do not do any research—on the Internet, in libraries, in the newspapers, or in any other way— or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

[Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?] (And then continue with other voir dire.)

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

### 1.01 General: Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

[Describe your court's policy, such as "You must leave your cell phone, PDA, Blackberry, smart phone, I-phone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete."]

This is a criminal case, brought against the defendants by the United States government. The defendants are charged with deprivation of the right to be free from an unreasonable seizure while acting under color of law. Those charges are set forth in what is called an indictment, which reads as follows:

In count 2, On or about May 25, 2020, in the State and District of Minnesota, the defendants, Tou Thao and J. Alexander Kueng, while acting under color of law, willfully deprived George Floyd of the right, secured by the Constitution and laws of the United States, to be free from an unreasonable seizure. Specifically, Defendants Kueng and Thao were aware that co-defendant Derek Chauvin was holding his knee across George Floyd's neck as Floyd lay handcuffed and unresisting, and that co-defendant Chauvin continued to hold Floyd to the ground even after Floyd became unresponsive, and the defendants willfully failed to intervene to stop co-defendant Chauvin's use of unreasonable force. This offense in bodily injury to, and the death of, George Floyed.

5

In Count 3, on or about May 25, 2020, the State and District of Minnesota, the defendants, Tou Thao, J. Alexander Kueng, and Thomas Kiernan Lane, while acting under color of law, willfully deprived George Floyd of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes an arrestee's right to be free from a police officer's deliberate indifference to his serious medical needs. Specifically, the defendants saw George Floyd lying on the ground in clear need of medical care, and willfully failed to aid Floyd, there by acting with deliberate indifference to a substantial risk of harm to Floyd. This offense resulted in bodily injury to, and the death of, George Floyd.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendants have pleaded not guilty and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether each defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only these defendants, not anyone else, are on trial here, and that these defendants are on trial only for the crimes charged, not for anything else.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

## 1.03 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

## 1.05 Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

[In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe].[1]'

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

## 1.06A NO TRANSCRIPT AVAILABLE—NOTETAKING

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.]

[When you leave at night, your notes will be secured and not read by anyone.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §1 (2020)

## 1.07 BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

## 1.08 CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended, and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I

13

accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties, and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Instagram, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse, or a friend clip out any stories and set them aside to give you after the trial is over.] I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. [Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.]

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you, and your fellow jurors have discussed the evidence.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

## 1.09 OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the government will make an opening statement. Next the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the government may cross-examine them.[2]

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1 (2020)

INSTRUCTIONS TO BE USED DURING TRIAL

## 2.01 DUTIES OF JURY—RECESSES

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say, "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog, or engage in any other form of written, oral, or electronic communication, as I instructed you before.

[Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.]

I may not repeat these things to you before every recess but keep them in mind throughout the trial.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2 (2020)

## 2.06A TRANSCRIPT OF RECORDED CONVERSATION

As you have [also] heard, there is a transcript of the recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

 [Whether the transcript correctly or incorrectly reflects the conversation, or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.][1]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2 (2020)

## 2.14 EVIDENCE ADMITTED AGAINST ONLY ONE DEFENDANT

As you know, there are three defendants on trial here: Tou Thao, J. Alexander Kueng, and Thomas Kiernan Lane. Each defendant is entitled to have his case decided solely on the evidence which applies to him. You may consider some of the evidence in this case only against defendant (name); you may not consider that evidence against the other defendant[s].

You may consider the [evidence] [testimony] [exhibit] you [are about to hear] [just heard about], (describe testimony or exhibit), only against defendant (name). You must not consider that evidence when you are deciding if the [government] [prosecution] has proved, beyond a reasonable doubt, [its] [his] [her] case against defendant[s] (name[s]).

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2 (2020)

## 2.15 STATEMENT OF ONE DEFENDANT IN MULTI-DEFENDANT TRIAL

You may consider the statements of defendants Tou Thao and Thomas Kiernan Lane only in the case against them, and not against the other defendant J. Alexander Kueng. You may not consider or discuss defendants Tou Thao and Thomas Kiernan Lanes statements in any way when you are deciding if the government prosecution proved, beyond a reasonable doubt, its case against J. Alexander Kueng.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2 (2020)

## 2.18 IMPEACHMENT OF WITNESS—PRIOR CONVICTION

You have heard that the witness (name) was once convicted of [a] crime[s]. You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his] [her] testimony.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2 (2020)

FINAL JURY INSTRUCTIONS

## 3.01 INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.]

[1]The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

## 3.02 DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

## 3.03 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses [the documents and other things received as exhibits] [the facts that have been stipulated—this is, formally agreed to by the parties,] [the facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence].[1]

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.[3]

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

### 3.04 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

### 3.08 DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF (MULTIPLE DEFENDANTS, MULTIPLE COUNTS)

The Indictment in this case charges the defendants with two different crimes.

Count 2, charges that defendants Tou Thao and J. Alexander Kueng committed the crime of deprivation of rights under color of law involving the right to be free from unreasonable seizure.

Count 3 charges that defendants Tou Thao, J. Alexander Kueng, and Thomas Lane committed the crime of deprivation of rights under color of law involving the right to not be deprived of liberty without due process of law.

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the government proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

[There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the [government] [prosecution] throughout the trial.[2]] [The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

## COUNT 2- 6.18.242 DEPRIVATION OF CIVIL RIGHTS (18 U.S.C. § 242) (MODIFIED)

The crime of deprivation of rights as charged in Count 2 the Indictment has four essential elements, which are:

*One*, the defendant deprived George Floyd of a right, privilege, or immunity secured by the Constitution or laws of the United States, which is to be free from an unreasonable seizure during an arrest on May 25, 2020;

*Two*, the defendant acted willfully, that is, the defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive Mr. Floyd of his rights; and

*Three*, the defendant acted under color of law; and

*Four*, George Floyd died as a result of the defendant's conduct.

The indictment charges that the defendant deprived George Floyd of the following right, privilege, or immunity: The right to be free from unreasonable seizures. You are instructed that this right is one secured by the Constitution and laws of the United States.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his conduct violated. You may find that the defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. However, you must find that the defendant had a specific intent to deprive the person of a right protected by the Constitution or federal law.

Acting "under color of law" means to act under any state law, county or city ordinance, or other governmental regulation, or to act according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so but abused or misused his or her power by going beyond the bounds of lawful authority.

The government need not prove that the defendant intended for the victim to die. The government must prove that the victim's death was a foreseeable result of the defendant's willful deprivation of the victim's constitutional rights.

In determining whether force was "excessive" or "unreasonable," you must consider whether the defendant's actions were objectively reasonable in light of the facts and circumstances confronting them. You must consider such factors as the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances. You may also consider all of the surrounding circumstances including: the severity of the crime, if any for which George Floyd was being apprehended; the extent, if any, to which George Floyd posed a threat to the safety of the defendant, members of the public or to any other officer; and the extent, if any, to which George Floyd was physically resisting arrest or attempting to flee at the time force was used.  You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain, and rapidly changing. It is not necessary for you to find that the defendant was thinking in constitutional or legal terms at the time of the incident, because a reckless

disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.

An officer has duty to intervene to prevent an unconstitutional use of excessive force by another officer. A police officer who fails to act to prevent the use of excessive use of force is responsible if the Government proves: (1) the officer observed or had reason to know that excessive force was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.

Unreasonable force is force that has no legitimate law enforcement purpose. A law enforcement officer is justified in using only the amount of force that a reasonable officer would reasonably believe to be necessary to accomplish a legitimate law enforcement purposed, such as holding a person who has been arrested in custody, preventing escape, or defending himself or another from bodily harm. An officer may not use more force than is reasonably necessary to accomplish such legitimate purpose.

If you find these four elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of deprivation of rights in count 2. Otherwise, you must find the defendant not guilty.

*Graham v. Connor*, 490 U.S. 386 (1989); *United States v. Boone*, S.D. Iowa, 4-CR-139 (RP/CFB) conviction affirmed, *United States v. Boone*, 828 F.3d 705 (8th Cir. 2016)*; Lombardo v. City of S. Louis*, 141 S.Ct. 2239 (2021); *Nance v. Sammis*, 586 F.3d 604 (8th Cir. 2009)

## COUNT 3- 6.18.242 DEPRIVATION OF CIVIL RIGHTS (18 U.S.C. § 242) (MODIFIED)

The crime of deprivation of civil rights as charged in Count three of the indictment has four essential elements, which are:

*One,* the defendant deprived George Floyd of a right, privilege, or immunity secured by the Constitution or laws of the United States, that is, the right not to be deprived of liberty without due process of law, by acting with deliberate indifference to George Floyd's serious medical needs.

*Two,* the defendant acted willfully, that is, the defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right; and

*Three,* the defendant acted under color of law; and

*Four,* George Floyd died as a result of the defendant's conduct.

The indictment charges that the defendant deprived George Floyd of the following right, privilege, or immunity: The right not to be deprived of liberty without due process of law. You are instructed that this right is one secured by the Constitution and laws of the United States.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his or her conduct violated. You may find that the defendant acted willfully even if you find that he

had no real familiarity with the Constitution or with the particular constitutional right involved. However, you must find that the defendant had a specific intent to deprive the person of a right protected by the Constitution or federal law.

Acting "under color of law" means to act under any state law, county or city ordinance, or other governmental regulation, or to act according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so but abused or misused his or her power by going beyond the bounds of lawful authority.

The government need not prove that the defendant intended for the victim to die. The government must prove that the victim's death was a foreseeable result of the defendant's willful deprivation of the victim's constitutional rights.

Deliberate indifference means the defendant knows of and disregards an excessive risk to the arrestee's health or safety. The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw the inference. To prove deliberate indifference the Government must prove that George Floyd suffered from one or more objectively serious medical needs and that the defendants knew of, but deliberately disregarded George Floyd's medical needs. The Government must prove that the officers recognized that a substantial risk of harm existed and knew their conduct was inappropriate in light of that risk. The defendants are not guilty if they responded reasonably to the risk, even though George Floyd died.

If you find these four elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of deprivation of rights in count 3. Otherwise, you must find the defendant not guilty.

Modifications based on *United States v. Gray*, 692 F.3d 514 (6th Cir. 2012) and *Krout v. Goemmer*, 583 F.3d 557 (8th Cir. 2015)

## 3.11 REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

### 3.13 VENUE

The [government] [prosecution] must prove it is more likely true than not true that the offense charged was begun, continued or completed[2] in the (insert district) District of (insert State).[3] You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case [except (list any other issues subject to a lower standard, *e.g.*, insanity, coercion, 404(b) evidence)].

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

### 3.14 DATE OF CRIME CHARGED

The indictment charges the offense was committed on or about May 25, 2020. The Government must prove that the offense happened reasonably close to that date but is not required to prove the alleged offense happened on that exact date.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)

## 4.10 OPINION EVIDENCE—EXPERT WITNESS

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education, or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4 (2020)

## 3.12 ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the [government] [prosecution] has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

40

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.[1]

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign, and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3 (2020)