**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
*Criminal No.: 21-CR-108 (PAM/TNL) (3)*

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>Vs. )<br>)<br>J. ALEXANDER KUENG, )<br>)<br>Defendant. )<br>)<br>) | **DEFEDNANT'S RESPONSE TO GOVERNMENT'S LIMINE MOTION RELATED TO JURY NULLIFICATION** |

The defense objects to the overly broad motion in limine filed by the Government on December 30, 2021 (Doc. 149). The Government seeks relief that improperly limits the defendant's right to present a complete defense. The Government would like to prevent the defense from offering evidence that he "should not be held accountable for the crime charged because: (1) the culture at the Minneapolis Police Department (MPD) makes them somehow less responsible for their own acts or omissions, and (2) because other MPD officer have not been held accountable for similar acts or omissions in the past." (Doc. 149 at 2).

A criminal defendant has a right to present a complete defense. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a

complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)(internal punctuation omitted).  However, the right does not extend to the introduction of irrelevant evidence. *Jackson v. Norris*, 651 F.3d 923, 926 (8th Cir. 2011).  Importantly, "[w]hile jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court.  Jury nullification, while it is available to a defendant, is only a power that the jury has and not a right belonging to the defendant, much less a substantial right." *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997)(internal citations and punctuation omitted).

The Government's limine motion is overly broad.  The defendant should be able to offer evidence about MPD culture or other past use of force complaints.  As the United Supreme Court has noted, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The only way to judge whether an officer's actions were reasonable at the time is through the context of the MPD's past practices.  The only way that the MPD's past practices can be judged is to present testimony about the culture of the MPD and whether prior actions or omissions have been condemned or condoned.  The evidence is also relevant to the truthfulness or bias of a witness.  The Government's motion is overly broad and would prohibit the defense from presenting a complete defense.

The defense objects to this limine motion to the extent it infringes on his right to present a complete defense as guaranteed by the United State's Constitution. The defense would ask that the motion be denied.

Respectfully submitted,

Dated: January 10, 2022

*/s/ Thomas C. Plunkett*
Thomas C. Plunkett
Attorney No. 260162
Attorneys for Defendant
Suite 1500
101 East Fifth Street
St. Paul, MN 55101
Phone: (651) 222-4357