UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT KUENG'S EVIDENCE NOTICED PURSUANT TO FED. R. EVID. 404 AND 406** |
| 3. J. ALEXANDER KUENG, | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota; Manda M. Sertich, Assistant U.S. Attorney; and Samantha Trepel, Special Litigation Counsel for the Civil Rights Division, and responds to defendant Kueng's Notice Pursuant to Federal Rules of Evidence 404 and 406. On January 6, 2022, defendant Kueng provided notice of his intent to offer, pursuant to Federal Rules of Evidence 404 and 406, evidence relating to two 2019 police stops at which Mr. Floyd was present. ECF No. 171. The government objects to the admission of this evidence because it does not comply with either the requirements of Rules 404 or 406; it is irrelevant; and it poses a substantial danger of unfair prejudice and confusion of the issues.

**I. Procedural History and Factual Background**

Defendant Kueng has provided notice of his intent to offer, pursuant to Federal Rules of Evidence 404 and 406, evidence relating to events on May 6, 2019, and August 6, 2019. On both of those occasions, officers from the Minneapolis Police Department

detained George Floyd in a police car. Defendant Kueng states that he plans to offer evidence about both incidents to demonstrate "that Mr. Floyd . . . does not have the pertinent trait of claustrophobia," and to "prove a common scheme or plan, and modus operandi." ECF No. 171 at 1-2. Defendant Kueng does not identify the form this evidence will take; however, his witness list includes four witnesses present during the stops, and his exhibit list includes body worn camera video from both incidents, *see* ECF Nos. 174 & 175 (Exs. 9 &10).

During the incident on May 6, 2019, MPD officers stopped a car in which Mr. Floyd was a passenger. According to the police reports, Mr. Floyd was "acting extremely nervous." He appeared to the officers to be intoxicated, told them that he had recently taken multiple pills, and began crying. The officers found oxycodone pills on Mr. Floyd and observed him swallowing something. The officers determined that medical personnel should assess him because he had dilated pupils, was slurring his speech, and was having difficulty responding to questions. The officers called an ambulance for Mr. Floyd, and he was taken to the hospital. He was not charged with any offense as a result of this incident.

According to the MPD report related to the August 6, 2019, investigatory stop, an MPD officer received information from a confidential informant alleging that if MPD officers searched a certain black Crown Victoria, they would find a firearm. MPD officers located the car, which was parked, and spoke to the car's owner. The owner allowed the officers to search the car, and as the officers noted in their report, "[n]o items were located inside the vehicle." During the brief investigation, MPD officers detained the car's owner and three others who were present: George Floyd and two women. During this

investigatory detention, the officers placed Mr. Floyd in the squad car, and he stated that he was claustrophobic. Defendant Kueng acknowledges this statement, but asserts without support that Mr. Floyd was "clearly not suffering claustrophobia." ECF No. 171 at 1.

## II. Argument

The government objects to the admission of evidence relating to events on May 6, 2019, and August 6, 2019. The proffered evidence is inadmissible under Federal Rules of Evidence 404 and 406 because it does not relate to a pertinent trait, is offered in an inadmissible form, does not constitute habit evidence, and is irrelevant. This evidence is also inadmissible under Federal Rule of Evidence 403, because it poses a substantial danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

Under Federal Rule of Evidence 404(a)(2)(B), a defendant may offer evidence of a victim's pertinent trait. Defendant Kueng asserts that he is offering evidence about two prior police interactions to prove that Mr. Floyd lacks the trait of claustrophobia. This evidence is not relevant to a pertinent trait, as required by Rule 404, because whether or not Mr. Floyd was claustrophobic makes it no more or less likely that defendant Kueng willfully failed to intervene to stop Officer Chauvin's use of excessive force against Mr. Floyd, nor that defendant Kueng willfully failed to provide medical aid to Mr. Floyd on May 25, 2020.

Even if Mr. Floyd's alleged trait of lacking claustrophobia was pertinent (assuming, *arguendo*, that a diagnosable anxiety disorder can be considered a "trait" under the Rule—and assuming lay witnesses are qualified to establish the absence of such a condition), the proposed evidence relating to it is inadmissible pursuant to Rule 405(a) because it does not

take the form of "testimony about the person's reputation" or "testimony in the form of an opinion" as Rule 405(a) requires. Fed. R. Evid. 405(a). Because Mr. Floyd's character is not an essential element to a charge, claim, or defense under 18 U.S.C. § 242, it may not be proved by specific instances of conduct under Rule 405(b). Instead, even if evidence of Mr. Floyd's lack of claustrophobia were admissible, "proof may be made by testimony as to reputation or by testimony in the form of an opinion." *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011) (quoting Fed. R. Evid. 405(a)) (affirming district court's exclusion of evidence of a victim's aggression to support a self-defense claim because it was not offered in the proper form of reputation or opinion testimony).

Evidence of the two police stops is also inadmissible under Federal Rule of Evidence 404(b). ECF No. 171 at 1. Defendant Kueng asserts that the evidence establishes a "common scheme or plan, and modus operandi," although he does not describe what this scheme or modus operandi is. Regardless, Mr. Floyd's physiological or verbal response to being seated inside a police car is entirely irrelevant because it does not make any element of the charges against defendant Kueng any more or less likely. The charges against defendant Kueng center on the actions he took and failed to take *after* the defendants placed Mr. Floyd on the ground and during the more than nine-minute restraint that followed. The thought process underlying Mr. Floyd's reaction to being placed inside the squad car on May 25, 2020—and whether or not he suffered from claustrophobia at that point—do not change *how* Mr. Floyd reacted on that date, and say nothing about whether defendant Kueng's failure to intervene to stop Officer Chauvin's excessive force and failure to

4

provide Mr. Floyd medical aid once Mr. Floyd was outside the police car did or did not violate the Constitution.

Likewise, even if they were relevant, the two incidents defendant Kueng seeks to admit do not constitute habit evidence pursuant to Federal Rule of Evidence 406. First, two instances of conduct fail to establish a habit. The Advisory Committee Notes on Rule 406 explain that a habit is conduct so frequent that it "may become semi-automatic" such as "going down a particular stairway two stairs at a time, or . . . giving the hand-signal for a left turn." Notes of Advisory Committee on Proposed Rules. "Although there is no precise formula for determining when conduct is so consistent as to become a habit, adequacy of sampling and uniformity of response are controlling considerations." *United States v. Jones*, 2015 WL 1020811, at *2 (D. Minn. Mar. 9, 2015) (admitting evidence pursuant to Rule 406 that the victim "frequently and regularly fell asleep with a lit cigarette when she was inebriated," and that this occurred two or three times per week for over 15 years) (internal quotation marks omitted); *cf. In re Viagra Prods. Liability Litig.*, 658 F. Supp. 2d 950, 966 (D. Minn. 2009) (holding that three letters from the FDA to Pfizer were inadmissible because "[t]hree letters are not enough to show a habit under Federal Rule of Evidence 406"). The two instances defendant Kueng describes therefore fail to establish habit evidence.

Moreover, the two police stops defendant Kueng offers pursuant to Rule 406 are not sufficiently similar to each other to constitute habit evidence, even relying only on the defendant's description of them. In the May 2019 incident, defendant Kueng states that Mr. Floyd "did not display any indication of being claustrophobic;" but in the August 2019

incident, Mr. Floyd told the officers "he was claustrophobic" when they placed him in the police car. ECF No. 171 at 1 ("When place[d] in the squad car, he was clearly not suffering claustrophobia, although, as an aside he did claim he was claustrophobic . . . ."). *See Jones*, 2015 WL 1020811, at * 1 (explaining that "[c]ourts will deem putative habit evidence inadmissible if the conduct is 'not sufficiently regular or uniform'").

Finally, this Court should exclude the two 2019 police stops under Rule 403, because evidence about two unrelated police interactions will serve only to confuse the jury and waste time. As the evidence of both incidents includes video of Mr. Floyd being stopped by the police, in one case being discovered in the possession of narcotics, and in the other being in the company of a person suspected of unlawful possession of a firearm, evidence of these incidents will also unfairly prejudice the government's presentation of its case by improperly impugning Mr. Floyd's character while failing to provide any probative value. *See Cummings v. Malone*, 995 F.2d 817, 824 (8th Cir. 1993) (affirming exclusion of evidence, in excessive force lawsuit, that the inmate-victim had previously assaulted a prison guard, reasoning that it might lead a jury to conclude that the victim "deserved what he got" and to "decide the case on an improper basis").

### III. Conclusion

WHEREFORE, the government respectfully requests this Court exclude defendant Kueng's evidence relating to events on May 6, 2019, and August 6, 2019, because it does not satisfy the requirements of Rules 404 and 406. The defendant's proffered evidence does not relate to a pertinent trait, is offered in an inadmissible form, does not constitute habit evidence, and is irrelevant. Further, because it lacks any probative value and poses a

substantial danger of unfair prejudice, confusing the issues, and wasting time, it is also inadmissible under Rule 403.

Dated: January 10, 2022                     Respectfully submitted,

CHARLES J. KOVATS, JR.                      KRISTEN CLARKE
Acting United States Attorney               Assistant Attorney General
                                            Civil Rights Division

*/s/ Manda M. Sertich*                      */s/ Samantha Trepel*
BY: Manda M. Sertich                        BY: Samantha Trepel
Assistant United States Attorney            Special Litigation Counsel
Attorney No.: 4289039 NY                    Attorney No.: 992377 DC