UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-108 (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tou Thao, J Alexander Kueng, and Thomas Kiernan Lane, | |
| Defendants. | |

_____

This matter is before the Court on a letter request by a coalition of media entities seeking permission under Local Rule 7.1(j) to file a motion for reconsideration of the Court's Order sealing a transcript of an in-chambers conference. The media entities insist that they have a "presumptive" First Amendment right of access to all court proceedings that can be restricted only if there is a compelling governmental interest that no less restrictive alternatives can safeguard.

However, in this Circuit, the "presumptive" access to Court proceedings on which the media coalition relies is not paramount. See In re Search Warrant for Secretarial Area Outside Off. of Gunn, 855 F.2d 569, 574 (8th Cir. 1988) ("The first amendment right of public access is not absolute; it is a qualified right."). And "the ability of the defendant to get a fair trial if access is granted is the primary ultimate value to be weighed on the non-access side of the balance." United States v. Rosenthal, 763 F.2d 1291, 1295 n.5 (11th Cir. 1985). "[T]he decision as to access is one best left to the sound discretion of the trial court,

a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Comm'cns, Inc., 435 U.S. 589, 599 (1978).

The January 21, 2022, proceeding as originally scheduled was intended to discuss with the parties exhibits that had not been admitted and that were not appropriate for public viewing until their admission. Such proceedings are regularly closed to the public and sealed. See Gannett Co. v. DePasquale, 443 U.S. 368, 378 (1979) ("The whole purpose of [pretrial evidentiary] hearings is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury."). After the Government objected, however, the Court cancelled that hearing. The in-chambers conference on that same day was not an evidentiary hearing; indeed, it was not a hearing at all. Thus, neither the public nor the media have a right of access to that proceeding. The court reporter made a record of the very brief discussion out of an abundance of caution, in the event that substantive matters arose which might require public access to the discussion. No such discussions took place.

When determining whether to seal a transcript or other evidence, the Court must consider "the efficient administration of justice and the provision to defendants of fair trials." Application of Kansas City Star Co., 143 F.R.D. 223, 225 (W.D. Mo. 1992). Because the Court did not hold a hearing on January 21, 2021, the release of the transcript of the meeting would serve no legitimate purpose and its release is contrary to the efficient administration of justice in this matter. The Order sealing the transcript will stand.

Accordingly, **IT IS HEREBY ORDERED that** the request for permission to file a Motion to Reconsider (Docket No. 226) is **DENIED**.

Dated:  <u>Thursday, January 27, 2022</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge