UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-108 (PAM/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>  Plaintiff,   )<br>  )<br>  )   GOVERNMENT'S MOTION TO<br>  v.   )   CLARIFY OR RECONSIDER JURY<br>  )   INSTRUCTION NO. 11<br>2.  TOU THAO,   )<br>3.  J. ALEXANDER KUENG, and   )<br>4.  THOMAS KIERNAN LANE,   )<br>  )<br>  Defendants.   )<br>  ) | |

The United States of America, by and through its undersigned attorneys, moves the Court to clarify or reconsider Jury Instruction No. 11.  Based on the trial management conference held on February 21, 2022, the United States understands that the Court plans to instruct the jury that to prove the fourth element of Count 2, the United States must prove that "George Floyd suffered bodily injury and/or died as a result of the defendants' conduct."  The United States provides this additional briefing to clarify the Court's instruction or, in the alternative, to move the Court to reconsider that instruction, and to instead instruct the jury that "George Floyd suffered bodily injury and/or died as a result of the offense."  This language would be consistent with the Indictment and the law. Count 2 charges that defendants Tou Thao and J. Alexander Kueng "willfully failed to intervene to stop Defendant Chauvin's use of unreasonable force.  This *offense* resulted in bodily injury to, and the death of, George Floyd." ECF No. 1 at 3 (emphasis added). Likewise, 18 U.S.C. § 242 requires that the "*acts committed* in violation of" the statute

result in death or bodily injury. *See* 18 U.S.C. § 242 ("and if bodily injury results from the acts committed in violation of this section" and "if death results from the acts committed in violation of this section"). The statute, therefore, refers overall to *acts* that *violate § 242* rather than any particular defendant's *role* in the offense. These are usually the same (take, for example, an excessive force case where a single defendant assaults a person in custody). It is, thus, no surprise that the pattern adopts that construction. A failure to intervene charge, however, is different. It cannot be a stand-alone offense. *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."); *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (same). In order for a defendant to violate the Constitution by failing to intervene to protect someone from harm, another person must necessarily be causing the harm (through excessive force or another constitutional offense). Section 242 requires proof of the underlying deprivation of rights to be an offense. For example, here, element 1 of Count 2 requires the United States to prove "that Derek Chauvin used objectively unreasonable force against Mr. Floyd." Thus, the term "acts in violation of this section" must logically refer to the entirety of the constitutional violation, which includes the underlying excessive force. The jury should, therefore, be instructed that they must determine whether "George Floyd suffered bodily injury and/or died as a result of the offense."

WHEREFORE, the government respectfully requests the Court to clarify and/or reconsider Jury Instruction No. 11.

Dated: February 22, 2022                                   Respectfully submitted,

Charles J. Kovats, Jr.                                     KRISTEN CLARKE
Acting United States Attorney                              Assistant Attorney General
                                                           Civil Rights Division

*/s/ LeeAnn Bell*
BY:   LEEANN K. BELL                                       */s/ Samantha Trepel*
Acting U.S. Attorney                                       BY:   SAMANTHA TREPEL
Attorney ID No. 0318334                                    Special Litigation Counsel
                                                           Attorney ID No. 992377 DC