UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-108 (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tou Thao, J Alexander Kueng, and Thomas Kiernan Lane, | |
| Defendants. | |

_____

This matter is before the Court sua sponte. At the inception of this case, the parties agreed to a lengthy questionnaire for the 1,000 prospective jurors summonsed to potentially serve as jurors in this case that had received and continues to receive significant media and public attention. The questionnaires contain significant personal information about the jurors, information that the Court assured prospective jurors would not be released to the public. The Court also created jury lists and other documents based on the information in those questionnaires.

The Court recognizes that "[t]here is a common-law right of access to judicial records." IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013). This right, however, is "not absolute." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The Court must first determine whether the questionnaires and documents generated from those questionnaires are "judicial records" to which the right of access applies. If these documents are judicial records, the Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access

and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." IDT Corp., 709 F.3d at 1223.

Assuming without deciding that the questionnaires and other documents generated therefrom are "judicial records," the Court nevertheless concludes that the interests in releasing this information are substantially outweighed by the jurors' and the Court's interest in maintaining the confidentiality of that information.  As noted above, the Court assured prospective jurors that the information they provided would be used only by the participants in the trial, and that those participants "shall not disclose the information . . . provide[d], nor may they provide the information to anyone not involved" in the case.  In addition, the District of Minnesota's jury plan provides that "[n]ames and personal information concerning prospective, sitting, and previously seated petit and grand jurors must not be disclosed to attorneys, parties, the public, or the media . . . ." D. Minn. Jury Plan § 21(e).  And federal law allows the Court to "keep [jurors'] names confidential in any case where the interests of justice so require."  28 U.S.C. § 1863(b)(7).

The interests of justice clearly require that the names and personal information, including the questionnaires, of all prospective jurors in this matter remain confidential for at least ten years.  The significant public attention this trial has generated, combined with the Court's assurances to prospective jurors that the information would not be released, mandate such sealing.  Such sealing does not prevent any juror from speaking publicly about his or her service, but merely protects the sensitive personal information all jurors provided and makes public disclosure of any juror's identity that juror's choice.

Accordingly, pursuant to 28 U.S.C. § 1863(b)(7), the juror questionnaires and other juror records in this matter shall remain under seal for a period of 10 years following the date of this Order. After that date, individuals or entities may petition the Court for release of the records, and such petitions will be considered on a case-by-case basis.

Dated: <u>Wednesday, February 23, 2022</u>

<i>s/ Paul A. Magnuson</i><br>
Paul A. Magnuson<br>
United States District Court Judge