# JURY INSTRUCTION NO. 1
## Introduction

8th Cir. 3.01

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

# JURY INSTRUCTION NO. 2
## Duty of Jury

8th Cir. 3.02

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## JURY INSTRUCTION NO. 3
## Evidence; Limitations

8th Cir. 3.03

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not

be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

# JURY INSTRUCTION NO. 4
## Direct and Circumstantial Evidence

8th Cir. 4.17, 1.03

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## JURY INSTRUCTION NO. 5
### Credibility of Witnesses

8th Cir. 3.04

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

# JURY INSTRUCTION NO. 6
## Witness Impeachment

O'Malley 15.06

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning

other matters.  You may reject all of the testimony of that witness

or give it such weight or credibility as you may think it deserves.

## JURY INSTRUCTION NO. 7
## Opinion Evidence—Expert Witness

8th Cir. 4.10

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## JURY INSTRUCTION NO. 8
### Stipulated Facts

8th Cir. 2.03

The government and the defendants have stipulated—that is, they have agreed—that certain facts are as counsel has stated. You must therefore treat those facts as having been proved.

## JURY INSTRUCTION NO. 9
### Description of Charges; Indictment Not Evidence;
### Presumption of Innocence;
### Burden of Proof (Multiple Defendants, Multiple Counts)

8th Cir. 3.08

The Indictment in this case charges two different crimes. There is no Count 1 of this Indictment.

Count 2 charges that defendants Tou Thao and J Alexander Kueng deprived George Floyd of his right to be free of unreasonable seizure. Specifically, Count 2 alleges that defendants Thao and Kueng willfully failed to intervene to stop Mr. Chauvin's use of unreasonable force. Count 2 charges that this offense resulted in bodily injury to, and the death of, George Floyd.

Count 3 charges that defendants Tou Thao, J Alexander Kueng, and Thomas Kiernan Lane deprived George Floyd of his right to be free of deliberate indifference to his serious medical

needs.  Specifically, Count 3 alleges that defendants saw George Floyd lying on the ground in clear need of medical care and willfully failed to aid Mr. Floyd, thereby acting with deliberate indifference to a substantial risk of harm to Mr. Floyd.  Count 3 charges that this offense resulted in bodily injury to, and the death of, George Floyd.

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial.  The Indictment is not evidence.  At the beginning of the trial, I instructed you that you must presume the defendants to be innocent.  Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count.  This presumption can be

13

overcome as to each charge only if the government proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant.  Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he is innocent.  Instead, the burden of proof remains on the government throughout the trial.

# JURY INSTRUCTION NO. 10
## Reasonable Doubt

8th Cir. 3.11

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# JURY INSTRUCTION NO. 11
## Elements of the Offense—Count 2

8th Cir. 6.18.242

Count 2 charges defendants Thao and Kueng with deprivation of civil rights under color of law. The crime of deprivation of civil rights, as charged in Count 2 of the indictment, has four essential elements, which are:

*One,* the defendant deprived George Floyd of a right, privilege, or immunity secured by the Constitution or laws of the United States. I will describe the right involved in Count 2 in another instruction;

*Two*, the defendants acted willfully, that is, the defendants committed such act with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right;

*Three*, the defendants acted under color of law; and

16

*Four,* George Floyd suffered bodily injury and/or died as a result of the defendants' conduct.

If all of these elements have been proved beyond a reasonable doubt as to a defendant, you must find that defendant guilty of the crime charged in Count 2. Otherwise, you must find that defendant not guilty of the crime charged in Count 2.

## JURY INSTRUCTION NO. 12
## Deprivation of Rights: Right to Be Free
## From Unreasonable Force—Count 2

8th Cir. 6.18.242; caselaw

The first element of Count 2 requires the government to prove beyond a reasonable doubt that the defendant deprived George Floyd of a right secured by the United States Constitution.

Count 2 specifically charges that defendants Tou Thao and J Alexander Kueng deprived George Floyd of the right to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer and the related duty of other officers to intervene to stop the use of unreasonable force if they have knowledge of the force and the means to intervene.  You are instructed that this right is one secured by the Constitution of the United States.

To find that a defendant violated Mr. Floyd's right to be free from a police officer's use of unreasonable force by failing to intervene, you must find the following:

*One*, that Derek Chauvin used objectively unreasonable force against Mr. Floyd;

*Two*, that the defendant observed or otherwise knew that unreasonable force was being used against Mr. Floyd;

*Three*, that the defendant had the opportunity and means to intervene to stop the unreasonable force; and

*Four*, that the defendant failed to take reasonable steps to do so.

To determine whether Derek Chauvin used unreasonable force against George Floyd, you must evaluate whether the force was objectively unreasonable in light of the facts and circumstances as judged from the perspective of a reasonable officer on the scene, without the benefit of 20/20 hindsight.

19

When making this determination, you should consider all of the facts and circumstances, including the relationship between the need for the use of force and the amount of force used; the extent of George Floyd's injuries; the effort, if any, made by the defendant to temper or to limit the amount of force used; the severity of the crime or security problem, if any, at issue on the scene; whether George Floyd posed an immediate threat to the safety of the officers or others; and whether George Floyd was actively resisting or attempting to evade arrest. You must consider whether a reasonable officer on the scene would have used the same force under similar circumstances, and you should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain, and rapidly changing.

If you find that Derek Chauvin used unreasonable force on George Floyd, you must then determine whether the defendant

acted unconstitutionally in failing to act to stop that force. It violates the Constitution for a police officer to stand by and allow the unreasonable use of force to occur in his presence if that officer has the opportunity to stop the use of force. This means that if an officer knows that a fellow officer is using unreasonable force and has the opportunity to stop that officer from using such force, he has a constitutional obligation to do so.

In order to find that any defendant failed to intervene in violation of the Constitution, you must find that the defendant saw Derek Chauvin use force, that the defendant recognized that the use of force was unreasonable, that the defendant had a realistic opportunity to prevent further harm from occurring, and that the defendant chose not to do so. If the defendant took reasonable actions to stop the unreasonable force, he has not violated the Constitution merely because the steps he took were ultimately unsuccessful.

To make this determination, you should consider all of the facts and circumstances.   You must consider the evidence separately as to defendant Thao and defendant Kueng.

If you find that Derek Chauvin used unreasonable force against George Floyd, that the defendant had a realistic opportunity to intervene to stop the use of force, and that the defendant did not attempt to do so, then you must find that defendant deprived George Floyd of a right under the Constitution.  Otherwise, you must find that the defendant did not deprive George Floyd of this right.

## JURY INSTRUCTION NO. 13
## Elements of the Offense—Count 3

8th Cir. 6.18.242

Count 3 charges defendants Thao, Kueng, and Lane with deprivation of civil rights under color of law. The crime of deprivation of civil rights, as charged in Count 3 of the indictment, has four essential elements, which are:

*One,* the defendant deprived George Floyd of a right, privilege, or immunity secured by the Constitution or laws of the United States, specifically the right to due process of law, which includes the right of a person in police custody to be free from a police officer's deliberate indifference to his serious medical needs;

*Two*, the defendants acted willfully, that is, the defendants committed such act with a bad purpose or improper motive to

23

disobey or disregard the law, specifically intending to deprive the person of that right;

*Three*, the defendants acted under color of law; and

*Four,* George Floyd suffered bodily injury and/or died as a result of the defendants' conduct.

If all of these elements have been proved beyond a reasonable doubt as to a defendant, you can find that defendant guilty of the crime charged in Count 3. Otherwise, you must find that defendant not guilty of the crime charged in Count 3.

## JURY INSTRUCTION NO. 14

## Deprivation of Rights: Deliberate Indifference
## To Serious Medical Needs—Count 3

8th Cir. 6.18.242; Civ. 4.22, 4.23, caselaw

Count 3 charges that defendants Tou Thao, J Alexander Kueng, and Thomas Lane deprived Mr. Floyd of the right to due process of law, which includes the right of a person in police custody to be free from a police officer's deliberate indifference to his serious medical needs. You are instructed that this right is one secured by the United States Constitution.

The first element of Count 3 requires the government to prove beyond a reasonable doubt that the defendant deprived George Floyd of this right. To find that any defendant deprived Mr. Floyd of the right to be free from deliberate indifference to his serious medical needs, you must find:

*One*, that Mr. Floyd had an objectively serious medical need;

25

*Two*, that the defendant actually knew that Mr. Floyd had a serious medical need; and

*Three*, that the defendant disregarded that medical need by failing to take reasonable measures to address it.

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  You must consider the evidence separately as to each defendant.

If you find that the government has proved these elements beyond a reasonable doubt, you must find that the first element of the offense charged in Count 3 is satisfied as to that defendant. Otherwise, you must find that this element is not satisfied.

# JURY INSTRUCTION NO. 15
## Second Element of the Offense: Willfulness

8th Cir. 6.18.242

The second element of Counts 2 and 3 requires the government to prove beyond a reasonable doubt that the defendant acted willfully, that is, with a bad purpose and improper motive. To find that any defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his conduct violated. You may find that the defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. However, you must find that the defendant had a specific intent to deprive the person of a right protected by the Constitution or federal law.

## JURY INSTRUCTION NO. 16
## Second Element of the Offense: Specific Intent

D&B § 14.03

The crimes charged in this case require proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

## JURY INSTRUCTION NO. 17
## Third Element of the Offense: Under Color of Law

8th Cir. 6.18.242

The third element of Counts 2 and 3 requires the government to prove beyond a reasonable doubt that the defendant was acting under color of law.  The parties have stipulated, that is, they have agreed, that the defendants were acting under color of law during the events in question.  You must therefore consider the third element as proved.

## JURY INSTRUCTION NO. 18
## Fourth Element of the Offense:
## Bodily Injury and/or Death Resulting

8th Cir. 6.18.242

The final element of Counts 2 and 3 requires the government to prove beyond a reasonable doubt that the offense resulted in bodily injury to and/or the death of George Floyd. The government need not prove beyond a reasonable doubt that both bodily injury and death resulted from the defendant's conduct, but in order to find the fourth element of the offenses established, you must unanimously agree that the government has proved one or both results. You must consider the evidence separately as to each defendant.

"Bodily injury" means (A) a cut, abrasion, bruise, burn or disfigurement: (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary. The

government need not prove that the defendant intended for Mr. Floyd to suffer injury.

Because Counts 2 and 3 both charge that Mr. Floyd's death resulted from the charged offense, if you find a defendant guilty of one or more Counts, you must also determine if the government has proven beyond a reasonable doubt that Mr. Floyd died as a result of that offense. But the government need not prove that the defendant intended for the victim to die. The government must prove that the victim's death was a foreseeable result of the defendant's willful deprivation of the victim's constitutional rights.

# JURY INSTRUCTION NO. 19
## Proof of Willfulness, Intent, or Knowledge

8th Cir. 7.05

Willfulness, intent, or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's willfulness, knowledge, or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## JURY INSTRUCTION NO. 20
### Training Evidence

caselaw

You have heard evidence of the training each defendant received.  This evidence has been admitted for a limited purpose. You may use it only to determine whether any defendant acted willfully, that is, with a bad purpose, to violate a right protected by the Constitution of the United States.  It is, of course, wholly up to you to determine whether any defendant acted inconsistently with his training.

I caution you that an instance of inappropriate behavior on the part of a police officer does not necessarily rise to the level of a federal constitutional violation. It is possible for a law enforcement officer to act contrary to the officer's training, without violating the United States Constitution, just as it is

33

possible for an officer to violate the Constitution without acting inconsistently with his training.

In other words, if you determine that any defendant acted contrary to the training he received, you should consider that evidence only in determining whether the defendant acted willfully and not consider this evidence in determining whether his actions violated the Constitution in the first instance.

## JURY INSTRUCTION NO. 21
### Summaries

8th Cir. 4.11

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.  Those charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

# JURY INSTRUCTION NO. 22
## Character and Reputation Evidence

8th Cir. 4.02

You have heard testimony about the character and reputation of the defendants. You may consider that evidence along with all of the other evidence in the case.

# JURY INSTRUCTION NO. 23
## Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Forms

8th Cir. 3.12

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it

37

fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if any defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decision that you reach in this case. [The forms read: (read forms).] You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.