UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-108 (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tou Thao, J Alexander Kueng, and Thomas Kiernan Lane, | |
| Defendants. | |

_____

This matter is before the Court on Defendant Thomas Kiernan Lane's Motion to Amend/Correct and Motion for Reconsideration. (Docket Nos. 337, 338.) Defendants Tou Thao and J Alexander Kueng moved to join the Motions (Docket Nos. 340, 341), and the Government filed a response (Docket No. 352). The matter is now ripe for review.

**BACKGROUND**

On February 24, 2022, a jury found Defendants guilty of deprivation of rights in violation of 18 U.S.C. § 242. Defendants thereafter sought review of their convictions under Rule 29, but the Court denied those motions. (Docket No. 334.) Defendants now contend that the charge brought against them for deprivation of rights for deliberate indifference to serious medical needs is constitutionally infirm. They seek to amend their previous motions to include this claim and, in the alternative, ask the Court to reconsider its denial of their Rule 29 motions.

**DISCUSSION**

The Order denying Defendants' posttrial motions noted that the deliberate-indifference charge was of possible dubious constitutional validity. (Docket No. 334 at 5-6.) The Court did not make a final determination on this point, however, because "no Defendant raised the issue" in their post-trial motions. (Id. at 6.)

Defendants' current request is procedurally improper, because Rule 29 motions challenge the sufficiency of the evidence, not the underlying legality of the charges. See Fed. R. Crim. P. 29(a) (providing that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."). Nor is it the proper subject of a motion to amend or correct a judgment, because it does not raise any new evidence or legal theory that was not available at the time of the judgment.[1] See Fed. R. Civ. P. 60(b).

But even if procedurally proper, Defendants' Motions fail on the merits. With the benefit of more-complete briefing on the issue, it appears that civil cases—such as those brought under § 1983—can provide the fair warning Supreme Court decisions require for criminal violations of the Constitution. See United States v. Lanier, 520 U.S. 259, 266 (1997).

---

[1] Although Lane's initial Rule 29 motion mentioned the same legal authority as the Court's Order (see Docket No. 334 at 5 (citing United States v. Gonzales, 436 F.3d 560, 573 (5th Cir. 2006))), Lane did not rely on this case to argue that his conviction violated the fair-notice requirement. Rather, he used the Gonzales decision as an example of egregious conduct, contending that his conduct was not so egregious to warrant a conviction. (Docket No. 264 at 10-11.)

2

"Because 18 U.S.C. § 242 is merely the criminal analog of 42 U.S.C. § 1983 . . . civil precedents are equally persuasive in th[e] criminal context." United States v. Cobb, 905 F.2d 784, 788 n.6 (4th Cir. 1990). No "constitutional difficulty . . . arise[s] when the accused is charged with violating a 'right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them.'"

Lanier, 520 U.S. at 267 (quoting Screws v. United States, 325 U.S. 91, 104 (1945)). Those "decisions" can be either criminal or civil, and civil precedent evaluating whether a right is clearly established for purposes of qualified immunity from suit under § 1983 is applicable to determining whether an official has fair warning that his conduct violates the constitution under § 242. See id. at 270-71 (characterizing the § 1983 qualified-immunity inquiry as "simply the adaptation of the fair warning standard to give officials . . . the same protection from civil liability . . . that individuals have traditionally possessed in the face of vague criminal statutes").

As previously noted, deliberate indifference to medical needs has long been recognized as a constitutional tort of constitutional magnitude for purposes of a claim under 42 U.S.C. § 1983. E.g., Ivey v. Audrain Cty., Mo., 968 F.3d 845, 848 (8th Cir. 2020). These decisions gave Defendants notice that they could be subject to criminal liability if they failed to render medial aid in a manner that was deliberately indifferent to a detainee's serious medical needs. Defendant's current Motions must be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant Kueng's Motion to Join (Docket No. 340) is **GRANTED**;

2. Defendant Thao's Motion to Join (Docket No. 341) is **GRANTED**;

3. Defendant Lane's Motion to Amend/Correct (Docket No. 337) is **DENIED**; and

4. Defendant Lane's Motion for Reconsideration of Motion for Judgment of Acquittal (Docket No. 338) is **DENIED**.

Dated: <u>Wednesday, June 8, 2022</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge